IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| Thomas Laver,<br><br>        Plaintiff,<br>v.<br><br>Viking Client Services, Inc.; and DOES 1-10, inclusive,<br><br>        Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Thomas Laver, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Thomas Laver ("Plaintiff"), is an adult individual residing in Bloomington, Illinois, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. The Defendant, Viking Client Services, Inc. ("Viking"), is a Minnesota business entity with an address of 7500 Office Ridge Circle, Suite 100, Eden Prairie, Minnesota 55344, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C.A. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by Viking and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Viking at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. An individual other than the Plaintiff (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Viking for collection, or Viking was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Viking Engages in Harassment and Abusive Tactics**

## FACTS

12. Within the last year, Viking began calling Plaintiff in an attempt to collect the Debt from the Debtor, Plaintiff's deceased grandfather.

13. The calls were placed to Plaintiff's cellular phone, number 312-xxx-4440.

14. The calls were placed from telephone number 952-288-2786.

15. During all times mentioned herein, Viking called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message.

16. When Plaintiff answered the phone, he was met with a period of silence followed by a "clicking" sound at which point the call was transferred to a Viking operator.

17. Plaintiff never provided Viking with his cellular phone number, and never provided Viking with express consent to place calls to his cellular phone.

18. During a conversation with Viking taking place in February, 2014, Plaintiff informed Viking that he was not the Debtor and requested that Viking cease calling his cellular phone attempting to reach the Debtor.

19. Despite knowing that the Debtor could not be reached at the Plaintiff's cellular telephone number, Viking continued to place over eight calls to Plaintiff's cellular phone using an automated dialer.

20. The repeated calls caused Plaintiff significant inconvenience.

**C. Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT
## 225 ILCS 425/1, *et seq.*

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

30. Viking Client Services, Inc., in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

31. The Defendants' conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

32. The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT III
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. At all times mentioned herein and within the last year, Defendants called Plaintiff on his cellular telephones using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

36. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" 2003 TCPA Order, 18 FCC 36 Rcd 14022.  The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.*  In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

37. Defendants' telephone systems have some earmarks of a predictive dialer.

38. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

5

39. Upon information and belief, Defendants' predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

40. Defendants contacted Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

41. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

42. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

43. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

46. Illinois further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Illinois state law.

47. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

48. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

49. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

50. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

51. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages;

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages;

3. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees ;

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 1, 2014

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorney for Plaintiff*